## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**CORNELIUS CANNADY**                                    **PETITIONER**

**v.**                                    **Civil No. 3:22-cv-130-KHJ-BWR**

**BRAND HUFFMAN**                                    **RESPONDENT**

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the [11] Motion to Dismiss filed by Respondent Brand Huffman. Petitioner Cornelius Cannady has filed a [13] Response. Having considered the record, the parties' submissions, and relevant legal authority, the undersigned United States Magistrate Judge recommends granting the [11] Motion to Dismiss and dismissing the [1] Petition for Writ of Habeas Corpus with prejudice. The undersigned further recommends that Petitioner's requests for an evidentiary hearing and the appointment of counsel be denied.

## I. BACKGROUND

On or about November 4, 2015, Petitioner Cornelius Cannady ("Petitioner" or "Cannady") was found guilty by a jury in the Circuit Court of Madison County, Mississippi, Twentieth Judicial District, on one count of false pretenses in violation of Mississippi Code § 97-19-39 ("Count One") and one count of conspiracy to commit false pretenses in violation of Mississippi Code §§ 97-19-39, 97-1-1 ("Count Two"). *See* R. [12-10] at 79-80; *see also Cannady v. State*, 245 So.3d 489 (Miss. Ct. App. 2017), *cert. denied*, 246 So.3d 885 (Miss. 2018). The court sentenced Cannady to serve ten years in the custody of the Mississippi Department of Corrections ("MDOC") on Count

1

One and five years on Count Two to run consecutively with the sentence imposed in Count One. *See* R. [12-10] at 80.

Cannady, through counsel, moved for a new trial or judgment notwithstanding the verdict, *see id.* at 81-82, but his motion was denied on December 16, 2015, *see id.* at 124.[1] Cannady appealed, *see id.* at 125, and the Mississippi Court of Appeals affirmed his conviction and sentence on July 25, 2017, *see* R. [12-1] at 49-54; *Cannady*, 245 So.3d at 491. Cannady moved for re-hearing, *see* R. [12-1] at 56-84, but his motion was denied on February 13, 2018, *see id.* at 17. Cannady then filed a petition for writ of certiorari with the Mississippi Supreme Court, *see id.* at 32-45, but his petition was denied on June 14, 2018, *id.* at 4. Contrary to Cannady's assertion, Pet. [1] at 3, there is no record of him filing a petition for writ of certiorari in the United States Supreme Court. *See* SUPREME COURT OF THE UNITED STATES, *Case Documents*, *Docket Search*, https://www.supremecourt.gov/docket/docket.aspx (last visited October 27, 2022).

On June 14, 2021, three years after Cannady's petition for writ of certiorari was denied, Cannady filed an application for leave to file a motion for post-conviction relief ("PCR motion") with the Mississippi Supreme Court. *See* R. [12-20] at 10-19. The Mississippi Supreme Court denied the application for leave to file a PCR motion on July 21, 2021, on the grounds that Cannady had failed to make a substantial showing that his rights to due process and to the effective assistance of counsel were denied. *See id.* at 5-6.

---

[1] Cannady also filed a pro se motion for judgment notwithstanding the verdict or a new trial, *see* R. [12-10] at 87-96, which the Madison County Circuit Court denied on December 16, 2015, *id.* at 123.

On March 9, 2022, the Clerk of Court filed Cannady's unsigned [1] Petition seeking a writ of habeas corpus from this Court, under 28 U.S.C. § 2254. *See* Pet. [1] at 1-15. United States Magistrate Judge Robert H. Walker subsequently directed Cannady to file a signed petition with the Clerk of Court or subject his claims to potential dismissal. Order. [4]. On March 16, 2022, Cannady signed his [1] Petition, which was filed of record on March 21, 2022. *See* Order [5].

Cannady asserts eight grounds for relief: (1) he is "actually innocent;" (2) his conviction is "derived from inconsistent and perjured testimonial evidence, unworthy of belief;" (3) his conviction is "derived from judicial misconduct;" (4) his conviction is "derived from prosecutorial misconduct;" (5) he was denied effective trial and appellate counsel; (6) his sentence was "illegally imposed as a matter of law or in the interest of justice;" (7) "newly discovered evidence;" and (8) his conviction and sentence were "obtained by perjured testimony and fraud upon the court." Pet. [1] at 5-10, 16-17.

Respondent Brand Huffman ("Respondent") has filed a [11] Motion to Dismiss, arguing that Cannady's claims should be dismissed with prejudice as untimely pursuant to 28 U.S.C. § 2244(d). *See* Mot. [11] at 3-8. Respondent also argues that Cannady has failed to demonstrate a valid "actual innocence" claim to overcome the statutory time bar, *id*. at 11, and that Cannady's sentence is not "illegal," *id*. at 11-12. Respondent further argues that Cannady's request to appoint counsel and for an evidentiary hearing should be denied. *Id*. at 12-14.

Cannady has filed a [15] Response in Opposition.[2] Cannady first argues that he is entitled to equitable tolling of the statutory period because the Mississippi Supreme Court allegedly "misled" him into believing he had three years to file his PCR motion. Resp. [15] at 1-2. Cannady next argues that he is "actually innocent" because a trial witness allegedly committed, and the state prosecutor allegedly suborned perjury. *Id.* at 2-4. Cannady then argues that he has met the requirements to receive an evidentiary hearing. *Id.* at 4-5. Finally, Cannady argues that the interest of justice warrants the appointment of counsel. *Id.* at 5-6.

## II. DISCUSSION

**A.    The Petition for Writ of Habeas Corpus is Time-Barred.**

a.  Relevant Legal Authority

28 U.S.C. § 2244(d)(1) provides as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

---

[2] Cannady subsequently filed a second [16] Response in Opposition. The substantive arguments presented are verbatim to the arguments offered in Cannady's initial [15] Response. However, the exhibits attached to the subsequent [16] Response do vary in some respects with the exhibits attached to the original [15] Response. Exhibit A [15-1] is not included as an exhibit in the subsequent [16] Response. The final page of Exhibit B [15-2] is Exhibit A in the subsequent [16] Response. Exhibit E [16-5] of the subsequent [16] Response is three pages shorter than the original Exhibit E [15-5]. The second page of Exhibit E [16-5] was not included in the original [15] Response exhibits. And the four additional pages in Exhibit E [15-5] have been moved to Exhibit B, *see* [16-2] at 2-5, of the subsequent [16] Response. Exhibit F [16-6] of the subsequent [16] Response includes the other page of the Mississippi Supreme Court's Order that was omitted from the original Exhibit F [15-6]. Exhibit H [16-8] of the subsequent [16] Response includes the original Exhibit H [15-8], the remaining pages of that exhibit that were seemingly omitted from the original, the original Exhibit G [15-7], and a copy of the Ridgeland Police Department Investigative Report (titled "Exhibit B" at the bottom of the document) that was not omitted from the original exhibits. Exhibit C [15-3] [16-3], Exhibit D [15-4] [16-4] (titled "Exhibit 'A'" in the top corner of the document), Exhibit I [15-9] [16-9], Exhibit J [15-10], and Exhibit K [15-11] [16-11], remained the same.

4

    A. the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    B. the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    C. the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    D. the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). This statute is construed as a statute of limitations, and not a jurisdictional bar, such that it can be tolled. *See Smith v. Vannoy*, 848 F. App'x 624, 627 (5th Cir. 2021)(per curiam)(citing *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)); *Caldwell v. Dretke*, 429 F.3d 521, 530 n. 23 (5th Cir. 2005)(citing *Davis*, 158 F.3d at 811).

Section 2244(d) provides for statutory tolling in that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). However, "[a]s the text of § 2244(d)(2) provides, a state post-conviction application triggers statutory tolling only if it is 'properly filed' and only while it remains 'pending.'" *Leonard v. Deville*, 949 F.3d 187, 190 (5th Cir. 2020) (quoting 28 U.S.C. § 2244(d)(2)). The statute of limitations can also be equitably tolled, but equitable tolling turns on the facts and

circumstances of each particular case and is "available only in rare and exceptional circumstances." *Jackson v. Davis*, 933 F.3d 408, 410 (5th Cir. 2019) (quotation omitted).

    b.  <u>Analysis</u>

    1.  *<u>Statute of Limitations</u>*

    The Mississippi Supreme Court denied Cannady's petition for a writ of certiorari on June 14, 2018. *See Cannady*, 246 So.3d 885. Because Cannady did not seek certiorari review in the United States Supreme Court, the conclusion of direct review occurred upon the expiration of the 90-day period for seeking such review. *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003); *see also* Sup. Ct. R. 13.1 ("Unless otherwise provided by law, a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment."). Therefore, Cannady's state-court conviction became final on September 12, 2018. *See Roberts,* 319 F.3d at 694; *see also* 28 U.S.C. § 2244(d)(1)(A). Any § 2254 petition Cannady wished to file was therefore due on or before September 12, 2019. *See* 28 U.S.C. § 2244(d)(1). Because Cannady did not sign his [1] Petition until March 16, 2022, *see* Resp. [5] at 1, it was untimely,[3] *see* 28 U.S.C. § 2244(d)(1), unless he can demonstrate grounds for tolling the statute of limitations.

---

[3] As previously noted, Cannady failed to sign his original [1] Petition. Even if the Court assumed that Cannady signed his [1] Petition on March 3, 2022, the date on the "cover letter" accompanying Cannady's [1] Petition, *see* Pet. [1-1] at 1, Cannady's petition would remain untimely.

2. _Statutory Tolling_

Cannady is not entitled to statutory tolling because he did not "properly file" an application for state post-conviction or other collateral review before the federal habeas statute of limitations expired on September 12, 2019. *See* 28 U.S.C. § 2244(d)(2). Cannady did not seek leave to file his PCR motion in state court until June 14, 2021, after the federal habeas statute of limitations had expired. Therefore, statutory tolling under 28 U.S.C. § 2244(d)(2) is unavailable. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir.2000) (explaining that state habeas petition filed after federal habeas limitations period has run, does not toll limitations); *Hebrard v. Day*, 232 F.3d 208, 2000 WL 1272966, at *1 (5th Cir. 2000) (per curiam); *see also Patton v. Csaszar*, Civ. No. 2:19-cv-36, 2020 WL 2479271, at *2 (S.D. Miss. Jan. 29, 2020) (holding that the filing of state PCR motion after federal habeas statute of limitations had run could not extend the federal statutory period)(citing *Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999)(expired limitations period cannot be revived by filing a state habeas petition)), *report and recommendation adopted*, 2022 WL 1444974 (S.D. Miss. Mar. 25, 2020). Unless equitable tolling applies, Cannady's [1] Petition is time-barred.

3. _Equitable Tolling_

For equitable tolling to apply, a petitioner bears the burden of proof to demonstrate "rare and exceptional circumstances" warranting its application. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Equitable tolling is available if a petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and

(2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quotation omitted). Diligence is defined as "reasonable diligence, not maximum feasible diligence." *Id.* at 653 (quotation omitted). With respect to the extraordinary circumstances requirement, any delays must result from external factors beyond the petitioner's control and not from delays of his own making. *See Jackson*, 933 F.3d at 410.

In this case, Cannady did not sign his [1] Petition until over three and a half years after his state-court conviction became final and over two and a half years after the statute of limitations expired. Nor did Cannady seek leave to file a PCR motion until over two and a half years after his conviction became final. *See Stroman v. Thaler*, 603 F.3d 299, 302 (5th Cir. 2010) (affirming the denial of equitable tolling where the petitioner had waited seven months to file his state application); *North v. Davis*, 800 F. App'x 211, 214-15 (5th Cir. 2020) (unpublished) (finding an "eleven-month delay in filing his initial state application weighs against a finding of diligence"). Based on the facts and circumstances of the present case, Cannady has not shown the diligent pursuit of his rights required to warrant equitable tolling.

Even assuming arguendo that Cannady had diligently pursued his rights, he has failed to establish the existence of any "rare and exceptional" circumstances. In his [15] Response, Cannady essentially argues that "rare and exceptional" circumstances exist because the Mississippi Supreme Court allegedly misled Cannady by stating that the statute of limitations for filing a PCR motion was three

years without informing Cannady that federal habeas petitions were subject to a one-year statute of limitations. Resp. [15] at 1-2.

"Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). However, Cannady has not shown that Respondent actively misled him or that some extraordinary circumstance existed preventing Cannady from timely filing his federal habeas petition.

Moreover, Cannady cites no authority to support the proposition that the Mississippi Supreme Court had a duty to inform him of the federal habeas statute of limitations. Nor does the Mississippi Supreme Court's order evince an attempt to actively mislead Cannady about his ability to file a federal habeas petition. Before the Mississippi Supreme Court was a request by Cannady for an enlargement of time to file an application for leave to proceed in the state trial court with a PCR motion. *See* Resp. Ex. "A" [15-1] at 1 (excerpt of order); R. [12-16] at 60-61 (entire order). *See also* R. [12-16] at 63-64 (motion for enlargement of time). In ruling on the motion, the Mississippi Supreme Court cited Mississippi Code Annotated § 99-39-5(2), which provides the applicable statute of limitations for motions seeking post-conviction relief in state court. R. [12-16] at 60-61 (entire order). Yet, as previously noted, Cannady does not cite any legal authority to establish that citing the applicable legal standard to a then-pending motion evinces an attempt to actively mislead. Nor does he cite any legal authority to establish that the omission of the statute of limitations

applicable to federal habeas petitions, by the Mississippi Supreme Court, in an order regarding state post-conviction relief proceedings, establishes an attempt to actively mislead.

Furthermore, it is well settled that "[n]either excusable neglect nor ignorance of the law is sufficient to justify equitable tolling." *Johnson v. Quarterman*, 483 F.3d 278, 286 (5th Cir. 2007) (quotation omitted). Nor is proceeding pro se a "rare and exceptional" circumstance because "it is typical of those bringing a § 2254 claim." *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000). Thus, Cannady has not shown that equitable tolling should be applied on this basis.

Based upon the foregoing, Cannady has not shown the diligent pursuit of his rights or that "some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649. Nor has Cannady demonstrated the existence of any "rare and exceptional circumstances" warranting the application of equitable tolling. *See Alexander*, 294 F.3d at 629. Accordingly, Cannady's [1] Petition is time-barred, and the undersigned recommends its dismissal.

## B.    Cannady's Claim of an "Illegal Sentence."

In his [1] Petition, Cannady claims that his sentence was "illegally imposed as a matter of law or in the interest of justice" *Id*. at 16. Specifically, Cannady claims that his sentence is "illegal" because the state court probation officer did not prepare a pre-sentencing report prior to the sentencing.[4] *Id*. To the extent Cannady's claim

---

[4] It is worth noting that Cannady's appellate counsel filed a brief at the Mississippi Court of Appeals pursuant to *Lindsey v. State*, 939 So.2d 743 (Miss. 2005), certifying that no arguable issues for appeal existed. R. [12-3] at 5-15. In that brief, Cannady's appellate counsel noted that he considered whether

may be liberally construed to assert that his allegedly illegal sentence should excuse his failure to timely seek federal habeas relief, that argument is not well taken. Claims of an illegal sentence do not toll the limitations period. *Johnson v. Hall*, Civ. No. 3:19-cv-567, 2020 WL 4590023, at *2 (S.D. Miss. June 26, 2020) (citing *Jackson v. Brewer*, Civ. No. 2:10-cv-85, 2010 WL 4531386, at *1 (N.D. Miss. Oct. 13, 2010); *Williams v. Mississippi*, Civ. No. 3:17-cv-118, 2018 WL 312870, at *3 (N.D. Miss. Jan. 5, 2018)), *report and recommendation adopted*, 2020 WL 4587006 (S.D. Miss. Aug. 10, 2020). Moreover, "an illegal sentence does not constitute a 'rare and exceptional circumstance' that tolls the limitation period." *Johnson*, 2020 WL 4590023, at *2 (quoting *Felix v. Epps*, Civ. No. 5:11-cv-180, 2012 WL 2357456, at *2 (S.D. Miss. Apr. 25, 2012), *report and recommendation adopted*, 2012 WL 2357445 (S.D. Miss. June 20, 2012)). Therefore, the limitations period is not tolled based on Cannady's illegal sentence claim.

**C.    Cannady's Claim of Actual Innocence.**

Cannady also asserts his actual innocence. *See* Pet. [1] at 5; *see also* Resp. [15] at 2-4. Specifically, Cannady contends that at trial, during voir dire, it was noted that he did not commit the charged offense. Pet. [1] at 5. Plaintiff also contends that during the prosecutor's opening statement, she stated that no physical evidence existed that Cannady committed the charged offense. *Id*. In his [15] Response, Plaintiff contends that the prosecution suborned perjury of a key witness. *Id*. at 2-3. Plaintiff further

---

an appealable issue existed with regards to Cannady's sentencing as a habitual offender but found none. *Id*. at 12.

contends that an affidavit from "Ms. Harris" shows that he did not commit the charged offense. *Id*. at 4.

Actual innocence can be a "gateway to federal habeas review" after the expiration of the § 2244(d)(1) statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). "[A] convincing showing of actual innocence enable[s] habeas petitioners to overcome a procedural bar to consideration of the merits of their constitutional claims," but a successful actual innocence claim is rare and requires a petitioner to persuade a district court that, "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. (quotation omitted). A credible claim of actual innocence requires the "petitioner to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995)

### a. Stand Alone Claim of Actual Innocence

In his [1] Petition, Cannady asserts that "his conviction should be reversed due to actual innocence." *Id*. at 5. However, a stand-alone claim of actual innocence is not an independent ground for federal habeas corpus relief. *Herrera v. Collins*, 506 U.S. 390, 404-05 (1993). The Supreme Court reaffirmed in *McQuiggin* that it has not yet resolved whether a prisoner may be entitled to habeas corpus relief based on a freestanding claim of actual innocence. 569 U.S. 383, 386 (2013). Moreover, the Fifth Circuit does not recognize freestanding claims of actual innocence. *See United States*

*v. Shepherd*, 880 F.3d 734, 740 (5th Cir. 2018); *Coleman v. Thaler*, 716 F.3d 895, 908 (5th Cir. 2013). And Cannady has not presented any Supreme Court or Fifth Circuit authority recognizing a freestanding claim of actual innocence. Thus, Cannady has not shown a basis for relief using this argument. Moreover, even if such a freestanding claim existed, Cannady has failed to meet it for the reasons explained below.

      b. <u>Voir Dire Statements and Opening Statements</u>

Cannady first supports his actual innocence claim by asserting that at trial, it was noted, during voir dire, that Cannady did not commit the charged offense. Pet. [1] at 5. Cannady further asserts that during opening statements, the prosecution stated that no physical evidence existed that Cannady committed the charged offense. *Id*. Both arguments lack merit.

Cannady does not cite to where in the state court record either alleged statement occurred. After thoroughly reviewing the record, however, the Court has seemingly located both alleged statements. Cannady's representations of both are inaccurate. During voir dire the State did not concede Cannady's innocence; instead, the State explained to the jury panel the concept and operation of the term "presumption of innocence." R. [12-11] at 97-98. To do so, the State posed a hypothetical question to the jury: whether Cannady would be voted innocent or guilty if the jurors were asked to vote during voir dire. *Id*. at 97. When the jurors responded, "not guilty," the State explained that was the correct response "because [Cannady's] innocent until proven guilty. And presumption does not mean that [Cannady] did not

commit the crime. It just means he's afforded the presumption until we overcome it." *Id.* at 98. But that hardly evidences a concession that Cannady did not commit the charged offense.

Likewise, the State did not concede that no physical evidence existed that Cannady committed the charged offense. Instead, what the State said at trial was, "[a]nd Mr. Cannady is not here today, because you're going to see a surveillance tape of him actually doing something wrong. He's here today, because he masterminded a criminal scheme." R. [12-11] at 130; *see also id.* at 131-132 (outlining the criminal scheme Cannady undertook and Cannady's role as the mastermind of that criminal scheme). But this likewise fails to evince that no evidence existed to support the charged offense. Therefore, neither statement Cannady points to establishes his actual innocence.

Additionally, neither alleged statement constitutes "new evidence." In fact, neither constitutes "evidence" at all. *See Goff v. State*, 14 So.3d 625, 652 (Miss. 2009) ("statements made by counsel during voir dire or during opening argument do not constitute evidence")(citing *Henton v. State*, 752 So.2d 406, 409 (Miss.1999); *Crenshaw v. State*, 513 So.2d 898, 900 (Miss. 1987)). And the state trial judge explained this fact to the jury during his initial instructions stating:

> After this instruction, the attorneys will have an opportunity to make opening statements in which they will be able to explain the facts and issues as they see them. After all the evidence has been presented, they will have the opportunity to address you again and make their closing or final arguments. These statements and arguments are not evidence or instructions on the law.

14

R. [12-11] at 129-30. The jury instructions also explained this fact, stating, in relevant part, that "[t]he evidence which you are to consider consists of the testimony and statement of the witnesses, any stipulations made by the attorneys, and any exhibits admitted into evidence." R. [12-10] at 59-60. Notwithstanding, even assuming arguendo that these alleged statements constitute "new evidence," Cannady has not convinced the undersigned that, based on this allegedly new evidence, "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."[5] *McQuiggin*, 569 U.S. at 386.

c.   Perjured Testimony

Cannady next tries to support his claim of actual innocence by asserting that the prosecution's key witness, "Mr. Keys," committed perjury while testifying at trial and that the prosecution suborned that perjury. Resp. [15] at 2-3.

Cannady's stringing together of testimony from "Detective Rudd" in response to defense counsel questioning, and then testimony from "Mr. Keys" in response to defense counsel and then prosecution questioning, does not establish perjury. *See* Resp. [15] at 2-3. Notwithstanding, the Due Process Clause of the Fourteenth Amendment forbids the government from knowingly using, or failing to correct, false testimony. *See Giglio v. United States*, 405 U.S. 150, 153 (1972); *Napue v. Illinois*, 360 U.S. 264, 271 (1959). To prove a due process violation based upon an allegation of false testimony, Cannady must establish that: (1) the testimony was false; (2) the

---

[5] The undersigned notes that in his *Lindsey* brief, Cannady's appellate counsel represented that he did not locate an appealable issue following a review of the entire trial transcript, which included both statements raised by Cannady. R. [12-3] at 12.

government knew the testimony was false; and (3) the testimony was material. *See Giglio*, 405 U.S. at 153-54; *Knox v. Johnson*, 224 F.3d 470, 477 (5th Cir. 2000). Cannady has failed even to attempt to show any of these elements.[6] Because Cannady has failed to demonstrate the existence of any perjured testimony or the existence of a due process violation based on allegedly false testimony, his assertion of actual innocence cannot succeed based on this argument.

d. <u>Affidavit of Ms. Harris</u>

Cannady finally attempts to base his actual innocence claim on an affidavit from "Ms. Harris," which Cannady contends establishes that he did not commit the crime for which he was convicted. *Id*. at 4. Specifically, Cannady asserts that the affidavit "links Terris Jones AKA "Red" and Mr. Keys in cahoots borrowing her van to run this scheme." *Id*. The affidavit from "Ms. Harris," identified in the affidavit as Stephanie Harris ("Harris"), asserts that following a request by Terris Jones, Harris allowed an individual named Charwona Page ("Page") to borrow her vehicle until Cannady could located a vehicle for Page to purchase. Ex. "J" [15-10] at 1. The affidavit further asserts that Page, at a later, unspecified date, came by the house with an individual named Edward Keys ("Keys") and that Keys gave Harris a check to thank her for allowing Page to borrow her vehicle, but that that check later bounced. *Id*.

As previously explained, a credible claim of actual innocence requires the "petitioner to support his allegations of constitutional error with new reliable

---

[6] The undersigned also notes that "Mr. Keys," identified as Edward Keys, was subject to cross-examination, at trial, by Cannady's counsel. See R. [12-12] at 80-96.

evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. As the Fifth Circuit has explained, "[t]he Supreme Court has not explicitly defined what constitutes 'new reliable evidence' under the *Schlup* actual-innocence standard." *Hancock v. Davis*, 906 F.3d 387, 389, n.1 (5th Cir. 2018)). The Fifth Circuit has, however, held that "[e]vidence does not qualify as 'new' under the *Schlup* actual-innocence standard if 'it was always within the reach of [petitioner's] personal knowledge or reasonable investigation.'" *Hancock*, 906 F.3d at 390 (quoting *Moore v. Quarterman*, 534 F.3d 454, 465 (5th Cir. 2008)).

Here, the affidavit Cannady offers does not constitute "new" evidence. Cannady has failed to establish that the affidavit of Harris was unavailable to him or his counsel at the time of trial. Cannady has also failed to establish that the informational testimony contained in the affidavit was not within reach of Cannady's personal knowledge or reasonable investigation.

In fact, it appears that Cannady (and likely his counsel) unquestionably knew (or could have known) of Harris before and at the time of trial. MDOC records from a prior incarceration indicate that Harris may be Cannady's sister. *See* R. [12-6] at 56 (requesting that "Stephanie Harris," whose relationship is identified as "sister" be allowed to visit Cannady at the MDOC). Regardless of any familial relationship, Cannady seemingly knew of Harris's identity and address before the trial. *See* R. 12-10 at 114 (Exhibit C to Cannady's pre-trial motion for expert appointment, the Ridgeland Police Department Investigative Report, which lists Harris as the owner

of the vehicle Cannady was driving during some of the period giving rise to the crime for which Cannady was convicted and provides Harris' name and address). At a minimum, however, Cannady (and his counsel) could have known of Harris before and at the time of trial, through a reasonable investigation, given, as just alluded to, that the Ridgeland Police Department Investigative Report lists Harris as the registered owner of the vehicle and provides Harris' address. *See* R. [12-1] at 91. In fact, in a filing to the Mississippi Court of Appeals Cannady concedes that the identify of Harris and her address were known prior to, or at least at the time of, the trial. *See* R. [12-1] at 62.

Therefore, as the Fifth Circuit explained in *Hancock*, under these circumstances, "*Moore* thus prohibits [Cannady] from supporting his actual-innocence gateway claim with the proffered affidavits as "new" evidence . . . ." *Hancock*, 906 F.3d at 390 (quoting *Moore*, 534 F.3d at 465). Accordingly, Cannady has failed to overcome the procedural bar to permit consideration of the merits of his [1] Petition.

## D.   Cannady's Request for an Evidentiary Hearing.

Cannady requests that the Court conduct an evidentiary hearing. Pet. [1] at 15. Respondent argues that Cannady has not satisfied the requirements to permit the Court to grant an evidentiary hearing. Mot. [11] at 12-14.

Rule 8(a) of the Rules Governing Section 2254 Proceedings provides that if a petition is not dismissed, "the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to

determine whether an evidentiary hearing is warranted." Rule 8(a) of Rules Governing Section 2254 Proceedings. Pursuant to 28 U.S.C. § 2254(e)(2),

> [i]f the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
>
> (A) the claim relies on--
> > (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> > (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2). "Section 2254(e)(2) imposes a limitation on the discretion of federal habeas courts to take new evidence in an evidentiary hearing." *Cullen v. Pinholster*, 563 U.S. 170, 185 (2011).

In this case, Cannady has not shown that the Court has the discretion to grant an evidentiary hearing. Cannady has not argued or shown that his claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Nor has Cannady shown the existence of a factual predicate that could not have been previously discovered through the exercise of due diligence. *See* 28 U.S.C. § 2254(e)(2). Contrary to Cannady's assertion, Ms. Harris' affidavit does not establish a factual predicate that could not have been previously discovered through the exercise of due diligence. *See* 28 U.S.C. § 2254(e)(2). As the undersigned has already

determined, Cannady failed to establish that the affidavit of Ms. Harris was unavailable to him or his counsel at the time of trial, or that the affidavit was not within reach of Cannady's personal knowledge or reasonable investigation. Additionally, as the undersigned noted, it appears that Cannady could have previously discovered Ms. Harris and sought her affidavit, given that the Ridgeland Police Department Investigative Report listed Ms. Harris as the registered owner of the vehicle Cannady was driving during the period giving rise to his conviction.[7] *See* R. [12-1] at 91.

Finally, Cannady has not shown that the facts underlying his claim would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found him guilty of the underlying offense. *See* 28 U.S.C. § 2254(e)(2). Cannady contends that the state trial court's denial of his motion for an expert investigator violated his constitutional rights to put on his theory of the case and present an adequate defense. Resp. [15] at 5. Cannady further argues that if the motion had been granted, Cannady could have called Ms. Harris as a witness, and she "could have identified Terris Jones 'AKA' Red in the video at the All American Check Cashing Store, discredit all the State's witnesses, by clear and convincing evidence, and no reasonable fact finder would have found Cannady guilty of the underlying offense." *Id* (all sic in original).

To the extent that Cannady attempts to argue that the state courts misapplied the state law on this issue, that claim simply is not cognizable in this federal court.

---

[7] It is worth noting that Cannady has not made any assertion that he, nor his counsel, did not have access to the Ridgeland Police Report before or at the time of his trial.

"[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Trevino v. Johnson*, 168 F.3d 173, 184 (5th Cir. 1999) (quotation marks omitted); *accord Dickerson v. Guste*, 932 F.2d 1142, 1145 (5th Cir. 1991) ("We will not review a state court's interpretation of its own law in a federal habeas corpus proceeding. We do not sit as a 'super' state supreme court in such a proceeding to review errors under state law." (internal citation and quotation marks omitted)). Federal habeas corpus relief may be granted only to remedy violations of the Constitution and laws of the United States; mere violations of state law will not suffice. 28 U.S.C. § 2254; *Engle v. Isaac*, 456 U.S. 107, 119 (1983).

Therefore, for the purposes of this proceeding, the only cognizable claim concerning this issue is whether the denial of the motion for an expert investigator violated Cannady's federal constitutional right to due process. "The right of an accused in a criminal trial to due process is, in essence, the right to a fair opportunity to defend against the State's accusations." *Chambers v. Mississippi*, 410 U.S. 284, 294 (1973). "Due process is implicated only for rulings of such a magnitude or so egregious that they render the trial fundamentally unfair. It offers no authority to federal habeas courts to review the mine run of evidentiary rulings of state trial courts." *Gonzales v. Thaler*, 643 F.3d 425, 430 (5th Cir. 2011) (footnotes and quotation marks omitted). "A trial is fundamentally unfair if there is a reasonable probability that the verdict might have been different had the trial been properly conducted." *Foy v. Donnelly*, 959 F.2d 1307, 1317 (5th Cir. 1992) (quotation marks omitted).

Here, there is simply no reason to believe that the appointment of an expert investigator would have created a reasonable probability that the jury would have reached a different verdict. Cannady has not explained how granting a motion for an expert investigator would have led to Ms. Harris' testifying. Nor has Cannady explained how the denial of that motion prevented Ms. Harris from testifying.

Additionally, Cannady's assertion that the appointment of an expert witness would have led to Mr. Harris testifying, which would have then led to the discrediting of all the State's evidence, and in turn, shown by clear and convincing evidence that Cannady did not commit the charged offense, is sheer speculation and falls far short of establishing that there is a reasonable probability that the verdict might have been different if only an expert investigator would have been appointed.

Moreover, as the trial judge explained when addressing the issue of an expert investigator, what happened in Olive Branch, Mississippi, which Cannady argued to the trial judge that Ms. Harris would testify about, had no relevance in this case which involved events occurring in Madison County, Mississippi.[8] *See* R. [12-13] at 22-25. Therefore, the trial court's ruling did not render Cannady's trial "fundamentally unfair," so this claim necessarily fails.

In sum, Cannady has not shown that the Court has the discretion to grant an evidentiary hearing. Cannady has not argued or shown that his claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. Nor has Cannady shown the

---

[8] It is also worth noting, as the trial court judge did, that the State did not seek to introduce any evidence at trial regarding the events occurring in Olive Branch, Mississippi. *See* R. [12-13] at 22.

existence of a factual predicate that could not have been previously discovered through the exercise of due diligence or that the facts underlying his claim would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found him guilty of the underlying offense. Therefore, the undersigned recommends that Cannady's request for an evidentiary hearing be denied.

**E.    Cannady's Request for the Appointment of Counsel.**

Cannady also requests that the Court appoint counsel for him. Pet. [1] at 15. Respondent argues that Cannady has failed to demonstrate that the interest of justice requires the appointment of counsel. Mot. [11] at 12. Cannady counters that the interest of justice in obtaining videos that, according to Cannady, show that Jones was at the unspecified All American Check Cashing store, and thus exonerate him warrants such an appointment.[9] Resp. [15] at 5-6.

"No constitutional right to counsel exists in federal postconviction proceedings." *Urias v. Thaler*, 455 F. App'x 522, 523 (5th Cir. 2011) (per curiam) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)). But, "[w]henever . . . the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief" under § 2254. 18 U.S.C. § 3006A(a)(2)(B).

---

[9] As the undersigned previously noted, the State asserted that Cannady was charged based on his role as the mastermind of the criminal check cashing scheme. Thus, even assuming arguendo that the video reflects Cannady's assertions, it is unclear how that would exonerate Cannady.

In this case, the interest of justice does not require the appointment of counsel. The issues, in this case, are simple and straightforward. And Cannady's pleadings demonstrate that he can adequately present his arguments to the Court. Additionally, the video footage Cannady seeks the appointment of counsel to obtain will not alter the outcome of the issue presently before this Court, *i.e.*, whether Cannady's habeas petition is time-barred. Furthermore, as the undersigned previously noted, the video footage Cannady seemingly seeks to obtain relates to events separate and irrelevant to those for which Cannady was charged. Therefore, the undersigned recommends that Cannady's request to appoint counsel also be denied.

## III. <u>RECOMMENDATION</u>

For the reasons stated above, the undersigned United States Magistrate Judge recommends granting the [11] Motion to Dismiss filed by Respondent Brand Huffman and dismissing Petitioner Cornelius Cannady's [1] Petition for Writ of Habeas Corpus with prejudice. The undersigned further recommends that Petitioner's requests for an evidentiary hearing and the appointment of counsel be denied.

## IV. <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the

district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 27th day of October 2022.

*s/ Bradley W. Rath*

HONORABLE BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE